626 F.2d 85
 Peter E. GIFFORD and Ada O. Gifford, husband and wife, doing
business as Pete's Aircraft, Plaintiff-Appellant,
v.
SMALL BUSINESS ADMINISTRATION, Mitchell Kobelinski, United
States of America, Defendants-Appellees.
 No. 77-3224.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1979.
Decided June 30, 1980.
 
 Peter E. Gifford, pro per.
 Carroll D. Gray, Asst. U. S. Atty., Spokane, Wash., for defendants-appellees.
 OPINION
 Before COWEN, Senior Judge,* TRASK and HUG, Circuit Judges.
 TRASK, Circuit Judge.
 
 
 1
 Appellant Gifford takes this appeal from a summary judgment for the defendant-appellee Small Business Administration (SBA). Gifford's complaint asserts two bases for his claim against the SBA. First, he alleges that the SBA failed to provide him with managerial and financial counseling and assistance in the conduct of his fledgling furniture manufacturing business. Second, Gifford alleges that the SBA failed initially to lend him adequate funds to insure the success of his furniture business. He claims that both failures breached statutory duties of the SBA.
 
 
 2
 The district court determined that both the decision to provide business consultation and assistance and the decision as to how much to lend an applicant were within the discretion of the SBA. Relying upon an affidavit filed on behalf of the SBA and explaining the rationale for its decisions, the district court held that Gifford failed to present any issue of fact which would demonstrate that the SBA had acted in an arbitrary or capricious manner or had otherwise abused its discretion. The district court therefore concluded that summary judgment was appropriate. We affirm.
 
 
 3
 In 1971, in response to a request by Mr. Gifford for a $21,000 Economic Opportunity Loan, the SBA approved a loan in the amount of $14,200. Three years earlier the SBA had loaned Mr. Gifford $7,200. During the ensuing years, Gifford attempted to obtain financial and management assistance and counseling from the SBA. Only a limited amount of such counseling was ever provided.
 
 
 4
 Our resolution of this appeal turns upon the extent to which the challenged decisions of the SBA are judicially reviewable. In particular, we must decide whether these decisions are "committed to agency discretion" within the meaning of section 10 of the Administrative Procedure Act.[1] If the SBA's decisions are so committed to its discretion, then they are nonreviewable for abuse of that discretion. See United States v. Capital Assistance Corp., 460 F.2d 256 (9th Cir.), cert. denied, 409 U.S. 941, 93 S.Ct. 233, 34 L.Ed.2d 193 (1972).
 
 
 5
 The SBA's determination of whether or not to provide managerial counseling and aid is a matter clearly committed to agency discretion. The relevant statute empowers the SBA to provide assistance "whenever it determines such action is necessary."[2] In Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964), cert. denied, 381 U.S. 904, 85 S.Ct. 1449, 14 L.Ed.2d 286 (1965), this court determined that when an agency's authority was couched in permissive rather than mandatory language, nonreviewability should be implied.[3] In the present case, this implication is bolstered by the broad discretion given the Administrator to effectuate SBA policy. See United States v. Capital Assistance Corp., supra; Duke City Lumber Co. v. Butz, 382 F.Supp. 362, 370 (D.D.C.1974). Although the legislative history emphasizes the congressional intent that greater assistance be provided,[4] the statutory language makes it clear that the decision of when and to what degree such assistance is to be provided is an issue to be left within the discretion and expertise of the SBA. Consequently, such decisions are nonreviewable.
 
 
 6
 Gifford also contends that the SBA violated a statutory duty to loan him adequate funds. It is uncontested that the SBA may in its sole discretion and free from judicial review determine whether or not to make or renew a loan. See United States v. Capital Assistance Corp., supra. Gifford argues, however, that having decided to make a loan, the SBA is statutorily required to assure that adequate loans are provided.
 
 
 7
 In making his argument, Gifford relies upon the language of 15 U.S.C. § 636(i) (5)(C), which provides as a "limitation" on the SBA's authority to issue Economic Opportunity Loans, that:
 
 
 8
 The amount of the loan, together with other funds available, is adequate to assure completion of the project or achievement of the purposes for which the loan is made.
 
 
 9
 Gifford's argument is not without merit. In Ferry v. Udall, supra, 336 F.2d at 713, we noted that the courts may review mandatorily phrased limitations on permissive administrative powers. In the present case, however, we believe the SBA has been given complete discretion to determine the amount of any loans it has authority to grant, and that the five "limitations" enumerated in 15 U.S.C. § 636(i)(5)(A)-(E) are merely "guides to administrative decision-making." See Schilling v. Rogers, 363 U.S. 666, 675, 80 S.Ct. 1288, 1294-1295, 4 L.Ed.2d 1478 (1960).
 
 
 10
 In reaching this conclusion, we note that the determination of how much to lend a particular applicant is a decision that invokes "a considerable degree of expertise or experience," and as to which there are "no discernable guidelines against which the agency decision may be measured." Local 2855, AFGE (AFL-CIO) v. United States, 602 F.2d 574, 579 (3d Cir. 1979). The limitations on the SBA's power to grant Economic Opportunity Loans include not only the requirement that the loans be adequate but that there be "reasonable assurance of repayment of the loan."[5] The SBA, therefore, must apply these opposing criteria in judging the amount of each loan it grants. In the case at bar, the affidavit of Homer Davies, an SBA officer, stated that no additional funds were lent to Gifford on the basis of Gifford's inability to repay.
 
 
 11
 The careful consideration of these criteria "are matters on which experts may disagree; they involve nice issues of judgment and choice . . . which require the exercise of informed discretion." Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 317, 78 S.Ct. 752, 757, 2 L.Ed.2d 788 (1958) (citations omitted). Judicial Review of this determination could do no more than substitute our judgment for that of the SBA.
 
 
 12
 We hold that the determination of how much to lend an Economic Opportunity loan applicant, and the extent to which managerial counseling and assistance is provided are decisions committed to the discretion of the SBA and are therefore nonreviewable under section 10 of the APA, 5 U.S.C. § 701(a)(2). The decision of the district court is AFFIRMED.
 
 
 
 *
 Wilson Cowen, Senior Judge of the United States Court of Claims, sitting by designation
 
 
 [1]
 5 U.S.C. § 701(a)(2) which provides:
 This chapter . . . applies, according to the provisions thereof, except to the extent that
 (2) agency action is committed to agency discretion by law.
 
 
 [2]
 15 U.S.C. § 637(b)(1)(A)
 
 
 [3]
 See also Southern Ry. Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 455, 99 S.Ct. 2388, 2394, 60 L.Ed.2d 1017 (1979) (similar approach, emphasizing that statute was "written in the language of permission and discretion.")
 
 
 [4]
 See H.R.Rep.No.1178, 93d Cong., 2d Sess., reprinted at (1974) U.S.Code Cong. & Admin.News, pp. 4500, 4507-08
 
 
 [5]
 15 U.S.C. § 636(i)(5)(A)