John **TUEPKER**, Plaintiff,

v.

**FARMERS HOME ADMINISTRATION, et al., Defendants.**

No. 81–0446–CV–W–5.

United States District Court, W. D. Missouri, W. D.

Oct. 6, 1981.

---

Robert O. Homes, Jr., Gulfport, Miss., Tom Helms, Kansas City, Mo., for plaintiff.

J. Whitfield Moody, Acting U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for defendants.

### ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff seeks review of the Farmers Home Administration's (FmHA) denial of his application for an economic emergency loan. Review is sought pursuant to 5 U.S.C. §§ 701 *et seq.* Plaintiff also seeks damages against the United States and the named individual defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b). Plaintiff further requests injunctive relief requiring FmHA to pay immediately any presently due and owing debts which may be necessary to avert foreclosure in order to maintain the plaintiff's status quo pending review by this Court. For the reasons stated, plaintiff's request for injunctive relief is denied.

### Statement of the Case

Plaintiff owns a hog farm in Johnson County, Missouri. Since his acquisition of the farm, he has received seven FmHA loans, only one of which has been repaid. In addition to his FmHA loans which total approximately $148,000, plaintiff has outstanding loan balances due the Federal Land Bank in the amount of $50,000 and the State of Missouri in the amount of $12,000. Plaintiff also has outstanding debts of over $70,000 in feed bills and $45,-000 owed to his father.

On May 5, 1980, plaintiff applied for his eighth loan from FmHA in the amount of $125,000. Gary E. Case, County Supervisor for Farmers Home Administration, evaluated the farm and plaintiff's projected or actual income. Mr. Case was the County Supervisor who had approved plaintiff's seven former loans. Mr. Case reappraised plaintiff's farm and determined that the amount of the requested loan exceeded plaintiff's farm equity by approximately $110,000 and that plaintiff's ability to repay the loan was poor because plaintiff expected heavy losses of income for the next two years. Because plaintiff's collateral was insufficient to keep FmHA in a secured position and because plaintiff had little ability to repay, Mr. Case denied the loan. Plaintiff appealed Mr. Case's decision under the existing appeal procedures, and his appeal was denied.

On January 1, 1981, plaintiff defaulted on all of his loans, and the Federal Land Bank of St. Louis, Missouri, as holder of the first Deed of Trust, commenced foreclosure proceedings. Plaintiff filed this action and has moved for a preliminary injunction to enjoin FmHA either to make the requested loan or to pay plaintiff's debt to the Federal Land Bank and avert foreclosure. In the alternative, plaintiff has also moved for a preliminary injunction to enjoin the Federal Land Bank from foreclosing. For the following reasons, plaintiff's motions for preliminary injunction against the FmHA and the Federal Land Bank are denied.

### Motion for Preliminary Injunction Against the Federal Land Bank

■ The Federal Land Bank of St. Louis has moved to quash the service of plaintiff's motion for preliminary injunction on the grounds that the service was improper. Mr. Gene Schaeffer was served with plaintiff's supplemental motion for a preliminary injunction, the original motion and the memorandum on July 30, 1981, by a deputy marshal. Mr. Schaeffer is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on

behalf of the Federal Land Bank of St. Louis. Therefore, service was defective in this respect. But, even if Mr. Schaeffer were an authorized agent of the Federal Land Bank, service was still defective because service of a motion does not properly bring a party before this Court. Rule 4(d)(3) of the Federal Rules of Civil Procedure provides that a party must be served with a copy of the summons and of the complaint. Neither plaintiff's original complaint nor his first amended complaint was ever served on the Federal Land Bank. The Federal Land Bank is not properly a party before this Court, and plaintiff's purported service on the Federal Land Bank is quashed, and plaintiff's motion for a preliminary injunction against the Federal Land Bank is dismissed.

### Motion for a Preliminary Injunction Against FmHA

The grant or denial of preliminary or injunctive relief in the Eighth Circuit involves an evaluation of four factors:

(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir., 1981). After evaluating each of these factors, the Court finds that the plaintiff is not entitled to the relief he seeks.

#### A. Harm to Plaintiff

■ Plaintiff argues that he will suffer irreparable harm if the relief he seeks is not granted. He stands to lose his farm, and the time and money he has invested in it. However, it can also be argued that plaintiff will not be irreparably harmed because injunctive relief would only delay the inevitable. Plaintiff is now in default on all of his loans, and even if this particular foreclosure is prevented, other creditors, including the FmHA, have the right to foreclose. The end result will be the same, regardless of how this Court rules on plaintiff's motion.

### B. *Harm to Other Parties Litigant*

■ Plaintiff requests this Court to order FmHA to pay off plaintiff's defaulted loan of $50,000 to the Federal Land Bank. FmHA would then be the holder of seven of plaintiff's defaulted loans instead of six, totaling almost $200,000. In order to make this relief effective, the Court would also have to enjoin FmHA from foreclosing on any of the defaulted loans until the plaintiff would be in a position to either pay the loans off in full or make up the back payments. The possibility that plaintiff will be in a position to achieve this goal soon is speculative at best. To help refinance these loans, the plaintiff requests this Court to order FmHA to loan him an additional $125,000, at least half of which he proposes to use to pay outstanding feed bills, and most of which would be unsecured in the opinion of the FmHA. The extraordinary relief requested by the plaintiff would put the FmHA in an unsound business position, and plaintiff has not produced any evidence to justify the issuance of such mandatory injunctive relief.

### C. *The Probability that Plaintiff Will Succeed on the Merits.*

A review of the record and the applicable law shows that there is no probability that plaintiff will succeed on the merits for two reasons. First, the Court finds that the action taken by FmHA is not reviewable, and this Court lacks subject matter jurisdiction. Second, even if there is judicial review, FmHA's decision to deny plaintiff's loan application is supported by substantial evidence and, therefore, should be affirmed.

■ Plaintiff seeks judicial review pursuant to 5 U.S.C. §§ 701 *et seq.* Section 701(a)(2) provides that judicial review is available for agency actions except to the extent that "agency action is committed to agency discretion by law." Plaintiff argues that the agency's decision denying his loan must be reversed because Mr. Case, the County Supervisor, incorrectly determined the value of plaintiff's farm as collateral and incorrectly determined plaintiff's ability to repay the loan. Section 206 of the Emergency Agricultural Credit Adjustment Act of 1978, Pub.L. 95–334, Title II,

§§ 201–211, Aug. 4, 1978, 92 Stat. 429–433, as amended by Pub.L. 96–220, § 1, Mar. 30, 1980, 94 Stat. 129 (also found immediately preceding 7 U.S.C.A. § 1961), provides that loans under the Act are to be made "upon the full personal liability of the borrower secured by such collateral as is available that, together with the confidence of the Secretary . . . in the repayment ability of the loan applicant, *is deemed by the Secretary* adequate to protect the Government's interest." [Emphasis added.] Clearly, Congress intended that determinations of the adequacy of collateral and the repayment ability of a loan applicant are to be within the discretion of the Secretary of Agriculture. The grant or denial of a loan under this Act is an agency action committed to agency discretion by law. *Cf., Gifford v. Small Business Administration*, 626 F.2d 85 (9th Cir. 1980) (Small Business Administration loan); *United States v. Capital Assistance Corporation*, 460 F.2d 256 (9th Cir. 1972) (Small Business Administration loan); *Copake Lake Development Corp. v. United States*, 490 F.Supp. 386 (E.D.N.Y.1980) (Small Business Administration loan). Therefore, the Secretary's decision denying plaintiff's loan application is not reviewable by this Court under 5 U.S.C. § 701(a)(2), and plaintiff's first cause of action in his complaint seeking such review is dismissed for lack of subject matter jurisdiction.

The result would not change even if this Court were to find judicial review available in this case. The standard for judicial review of an administrative action is set forth in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). A reviewing court must set aside an agency action if the action was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements . . . [or] if the action was not supported by 'substantial evidence.'" 401 U.S. at 414, 91 S.Ct. at 822. The Court further stated that "the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." 401 U.S. at 416, 91 S.Ct. at 824.

A careful and thorough review of the record convinces this Court that the Secretary's decision meets this test. Plaintiff cites numerous violations of the regulations in Mr. Case's determination of the value of plaintiff's farm as collateral. The Court fails to find any such violations. Plaintiff interprets the regulations much more narrowly than they are written. The regulations in question allow a great deal of flexibility and allow an appraiser to modify his approach depending upon the circumstances. The record shows that Mr. Case did just that, thereby complying with the applicable regulations and FmHA instructions. The only evidence plaintiff presented during the administrative appeal process to show Mr. Case's evaluation was incorrect was his own testimony as to the value of his farm. He never attempted to introduce an independent evaluation. The evidence before the agency was the evaluation of their own appraiser and the evaluation of the plaintiff. Quite understandably, the agency chose to accept the evaluation of their own appraiser. The appraisal of real estate is an inexact science, and two separate, objective and conscientious appraisers can arrive at appraisals thousands of dollars apart. Considering the inherent difficulty of determining which appraisal is more correct, it is not unreasonable that the agency rejected plaintiff's own evaluation of his farm. The decision of the FmHA to deny plaintiff's loan application was not arbitrary, capricious, or an abuse of discretion. The agency's action met the applicable statutory, procedural, and constitutional requirements and was supported by substantial evidence. The decision of the Secretary would be affirmed if this Court had jurisdiction to review the decision.

### D. *Public Interest*

The purpose of the Act is to benefit economically distressed farmers, and it is certainly in the public interest to do so. However, it is decidedly against the public interest for the government to make risky and unsecured loans. In this respect, Congress limited the loan authority of the FmHA. Section 202(A) of the Act provides that a loan may be made only if the applicant "has the experience or training and resources necessary to assure a reasonable prospect for successful operations with the assistance of such loan." The FmHA had determined that plaintiff lacked sufficient collateral to secure the loan. FmHA had already loaned plaintiff $52,000 to help refinance plaintiff's prior outstanding loans with FmHA. In view of the extent of plaintiff's financial difficulties, it was not unreasonable to believe that even with the assistance of another loan, plaintiff would not succeed. It is not the purpose of the Act, or in the public interest, for the government to continually refinance a losing operation with the taxpayers' money.

An analysis of the four factors of *Dataphase* dictates denial of plaintiff's motion for a preliminary injunction. Accordingly, it is hereby

ORDERED that plaintiff's motion for a preliminary injunction is denied. It is further

ORDERED that Count I of plaintiff's complaint is dismissed for lack of subject matter jurisdiction.