**John TUEPKER, Plaintiff,**

v.

**FARMERS HOME ADMINISTRATION, et al., Defendants.**

**No. 81–0446–CV–W–1.**

United States District Court, W. D. Missouri, W. D.

May 10, 1982.

Robert O. Homes, Jr., Gulfport, Miss., John M. Gibson, Marsha Duncan-Laner, Campbell, Erickson, Cottingham, Morgan & Gibson, Kansas City, Mo., for plaintiff.

Robert G. Ulrich, U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for defendants.

MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

In this Federal Tort Claims action plaintiff seeks damages for the alleged negligent refusal of the Farmers Home Administration to approve his application for an eco-

tract is of considerable weight. *Oddie v. Ross* *Gear & Tool Co.*, 305 F.2d 143 (6th Cir. 1962).

nomic emergency assistance loan. Plaintiff, a hog farmer, originally also sought judicial review of the agency action under the Administrative Procedure Act (Count I) and prayed for injunctive relief (Count III) as well as damages. Count I was dismissed by the Honorable Scott O. Wright, Division V of this Court, prior to the transfer of this action to this Division. Judge Wright also denied, after a hearing, plaintiff's request for injunctive relief. 525 F.Supp. 237. Plaintiff has conceded that only Count II, his claim for relief pursuant to the Federal Tort Claims Act, presently remains pending before this Court.

■ This case currently pends on the government's motion to dismiss for failure to exhaust administrative remedies. In the course of the Court's review of the files and records in the case occasioned by that motion, it became apparent that the jurisdictional defect caused by the premature inclusion of Count II in plaintiff's complaint prior to filing his administrative complaint has now been cured.[1]

However, for different reasons which we shall set forth below, we find and conclude that we must dismiss Count II for failure to state a claim for which relief can be granted.

## I.

The files and records show that plaintiff had received seven FmHA loans prior to his eighth application, the denial of which gave rise to this complaint. Only one of those loans was repaid at the time of his last application. Plaintiff alleges that the denial of his eighth loan was improper because (1) the agency negligently used an erroneous appraisal of his property in determining the value of the collateral to secure the loan and (2) the agency negligently and improperly required repayment ability within two years in alleged violation of its own regulations.

1. We consider plaintiff's "second amended petition" which alleges final denial of his administrative claim as a supplemental complaint. A jurisdictional precondition requiring filing of an

The government asserted in an earlier motion to dismiss, which was denied without opinion by Judge Wright, that the agency appraisal and ultimate decision on the loan application were discretionary acts and as such specifically exempted under § 2680(a) from the waiver of immunity contained in the Federal Tort Claims Act.

It is clear from a review of the administrative record which we requested that the government file that plaintiff's loan application was denied on the basis of the County Supervisor's appraisal of the applicant's collateral as inadequate to secure the additional loan, plus the supervisor's assessment that the applicant would be unable to repay the collateral shortfall and bring the agency within an adequate secured collateral position, within two years after any additional loan was granted.

In his complaint plaintiff makes broad conclusory allegations of negligent acts by the agency. Examination of the record reveals, however, that plaintiff, in fact, is challenging (1) the appraisal method utilized and ultimate conclusion reached as to the value of his property and (2) the application of the two year repayment provision. Plaintiff has misread the regulations he relies on.

For example, 7 C.F.R. § 1945.118, the code section setting forth the loan repayment provisions, which plaintiff contends prohibits the agency from requiring repayment in two years, does not mandate a minimum seven year repayment period, as plaintiff alleges. The regulation merely provides that:

(b) *Terms of loan repayment.* Loans will be scheduled for repayment at such time and periods as the FmHA approval official may determine, consistent with the purpose of and need for the loan, and in accordance with the useful life of the security and the reasonable repayment ability of the applicant . . . .

agency complaint prior to review in the courts can be satisfied by a supplemental complaint. *Mathews v. Diaz,* 426 U.S. 67, 75, fn.9, 96 S.Ct. 1883, 1889, fn.9, 48 L.Ed.2d 478 (1975).

The regulation continues to provide loans shall not *exceed* seven years unless the agency determines such period is justified. There is simply no basis for plaintiff's legal contention that a two year term is not proper if determined necessary by the agency.

Plaintiff's other allegations of regulatory violations, primarily with respect to the method of appraisal, are similarly without merit and need not be set forth in detail here. Plaintiff cites no regulations imposing mandatory duties on the agency which the agency failed to perform when specified criteria were met.

■ The claims plaintiff raises in Count II in essence dispute the denial of his loan. The agency's decision concerning plaintiff's eligibility for a loan is essentially a discretionary one based on judgments exercised on the basis of the agency's expertise in the area. To the extent that the decision is discretionary, it is excluded by § 2680(a) from the FTCA waiver of immunity and not subject to judicial review. Such decisions are analogous to the loan decision process in the Small Business Administration, a function traditionally held by the courts to be an exercise of agency discretion. *Gifford v. Small Business Administration*, 626 F.2d 85 (9th Cir. 1980).

■ Even assuming that the agency's acts, because implemented on the operational level, would not fall within the exemption for discretionary actions set forth in § 2680(a), plaintiff has still failed to state a claim under the FTCA. Negligent performance of a federal statutory duty may give rise to a claim under the Federal Tort Claims Act, but only in circumstances in which applicable State law would recognize a private cause of action. The federal regulations do no more than set forth what may be the reasonable standard of conduct. Failure to perform a federal duty does not in and of itself create any corresponding duty imposing private liability under the State Law. *United Scottish Ins. Co. v. United States*, 614 F.2d 188, 192–198 (9th Cir. 1979). Circumstances similar to those alleged here would not suffice to create a cause of action against a private individual under applicable principles of common law tort liability in Missouri.

For the reasons stated, it is therefore

ORDERED that Count II of plaintiff's complaint should be and hereby is dismissed for failure to state a claim for which relief may be granted.