708 F.2d 1329
 John TUEPKER, Appellant,
v.
FARMERS HOME ADMINISTRATION, United States of America, Gary
Case, William T. Shay, Fred Defield, Keith Small,
Alan Brock, Dwight Calhoun and Gary
Calfee, Appellees.
 No. 82-1900.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 13, 1983.
Decided June 6, 1983.
 
 Robert G. Ulrich, U.S. Atty., Mark J. Zimmerman, Asst. U.S. Atty., Kansas City, Mo., for appellees.
 Robert O. Homes, Jr., Gulfport, Miss., for appellant.
 Before BRIGHT and FAGG, Circuit Judges, and JONES, District Judge.*
 BRIGHT, Circuit Judge.
 
 
 1
 John Tuepker appeals from the district court's[1] dismissal of his petition for judicial review of the Farmers Home Administration's (FmHA's) denial of his request for a loan under the Emergency Agricultural Credit Adjustment Act of 1978, Pub.L. No. 95-334, 92 Stat. 429-433 (1978) (reprinted as amended in note preceding 7 U.S.C. Sec. 1961 (Supp. IV 1980)). In addition, Tuepker appeals the district court's[2] dismissal of his suit against the Government under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671-2680 (1976 & Supp. V 1981), for negligently and wrongfully processing his loan application. Determining that Tuepker presents no claim appropriate for judicial review in the first instance, and that Tuepker states no cause of action in the second, we affirm.
 
 
 2
 I. Background.
 
 
 3
 Tuepker's hog farm is located in Johnson County, Missouri. Prior to this litigation, Tuepker had received seven FmHA loans, one of which he repaid. He owes the FmHA approximately $148,000. In addition, Tuepker owes $50,000 to the Federal Land Bank, $12,000 to the State of Missouri, $45,000 to his father, and $70,000 in feed bills.
 
 
 4
 On May 5, 1980, Tuepker applied for an additional loan of $125,000 from the FmHA. Gary E. Case, the FmHA County Supervisor and the official who had approved Tuepker's previous loans, denied Tuepker's request. Case determined that Tuepker possessed insufficient collateral for security and that Tuepker had little ability to repay the loan.
 
 
 5
 Tuepker appealed the denial to the local FmHA office, which, after conducting a hearing, affirmed the denial. Tuepker's subsequent appeals to the FmHA State Director and to the FmHA office in Washington, D.C. were denied. The letter from the Washington office expressly concluded all administrative action on Tuepker's appeal.
 
 
 6
 On January 1, 1981, Tuepker defaulted on all of his loans and the Federal Land Bank of St. Louis, Missouri instituted foreclosure proceedings. Tuepker sought a preliminary injunction requiring the FmHA to make the requested loan or to pay Tuepker's debt to the Federal Land Bank and avert foreclosure. In addition, Tuepker sought judicial review of the FmHA's denial of his loan application, pursuant to the Emergency Agricultural Credit Adjustment Act, supra, and the Administrative Procedure Act, 5 U.S.C. Secs. 701-706 (1976) (APA). Finally, Tuepker sought damages under the Federal Tort Claims Act for negligently processing his loan application.
 
 
 7
 The district court, by order of Judge Scott O. Wright, denied the preliminary injunction and dismissed the petition for judicial review of the loan denial. Tuepker v. Farmers Home Administration, 525 F.Supp. 237 (W.D.Mo.1981). A panel of this court affirmed the denial of the injunction. Tuepker v. Farmers Home Administration, 684 F.2d 550 (8th Cir.1982). On May 10, 1982, Senior District Judge John W. Oliver dismissed Tuepker's claim under the Federal Tort Claims Act, thereby dismissing the remainder of Tuepker's complaint. Tuepker v. Farmers Home Administration, 538 F.Supp. 375 (W.D.Mo.1982).
 
 
 8
 Tuepker now appeals on the merits, claiming that Judge Wright erred in dismissing his petition for judicial review of the agency action, and that Judge Oliver improperly dismissed his claim for relief under the Federal Tort Claims Act.
 
 
 9
 II. Discussion.
 
 
 10
 A. Judicial Review.
 
 
 11
 The APA provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be * * * arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706. The APA also provides, however, that the APA review provisions are not applicable to the extent that "agency action is committed to agency discretion by law." 5 U.S.C. Sec. 706.
 
 
 12
 Although the Emergency Agricultural Credit Adjustment Act does not specifically preclude judicial review, section 206 provides:
 
 
 13
 Loans shall be insured or guaranteed under this title upon the full personal liability of the borrower secured by such collateral as is available that, together with the confidence of the Secretary, and, for guaranteed loans, the confidence of the lender, in the repayment ability of the loan applicant, is deemed by the Secretary adequate to protect the Government's interest * * *. [Pub.L. No. 95-334, Sec. 206, 92 Stat. 429-433 (1978) (Emphasis added).]
 
 
 14
 The district court found that the words of the statute conveyed a clear congressional intent that determinations of the applicant's adequacy of collateral and of repayment ability be solely within the discretion of the Secretary of Agriculture. Accordingly, the court concluded that the denial of the loan came within the type of agency action described in the APA as "committed to agency discretion by law," thus precluding judicial review.[3]
 
 
 15
 Tuepker argues that in finding that it had no jurisdiction to review the FmHA's decision, the district court misconstrued Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). In Overton Park, the Supreme Court stated that a presumption exists that agency actions are reviewable, and that an agency's actions are committed to agency discretion by law under the APA only where a court has no statutory or regulatory guidance for evaluating the agency's actions. In short, the presumption of reviewability is rebutted where the reviewing court has "no law to apply." Id. at 410, 91 S.Ct. at 820. Tuepker cites the APA, the Emergency Agricultural Adjustment Credit Act, and a host of FmHA regulations to support his argument that there is indeed a body of "law" to apply within the meaning of Overton Park.
 
 
 16
 We agree that the Emergency Agricultural Adjustment Credit Act does not expressly preclude judicial review. We also agree that, were this a case presenting issues appropriate for judicial review, this court could find precedent to support a holding that the applicable statute and regulations comprise a sufficient body of "law" to apply within the meaning of Overton Park.[4] Nevertheless, we also recognize that "[i]n practice, the determination of whether there is 'law' to apply necessarily turns on pragmatic considerations as to whether an agency determination is the proper subject of judicial review." Natural Resources Defense Council v. SEC, 606 F.2d 1031, 1043 (D.C.Cir.1979).
 
 
 17
 In determining reviewability of an agency's actions, a court must look at the allegations raised in the complaint, together with the governing statutes and regulations, and determine: (1) whether the challenged agency action is of the type Congress intended be left to a reasonable exercise of agency expertise; and (2) whether the problem raised is one suitable for judicial determination. It is only then that a court can sufficiently ascertain whether there is "law" to apply within the meaning of Overton Park.
 
 
 18
 We find no assertion of Tuepker's which invokes judicial review. Each of the agency determinations Tuepker contests is a qualitative, subjective decision based on agency expertise within the bounds of the statutory directive to make loans to those applicants who have the "resources necessary to assure a reasonable prospect for successful operation with the assistance of such loan." Pub.L. No. 95-334, Sec. 202(A), 92 Stat. 429-433.
 
 
 19
 Tuepker makes no claim alleging a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968), quoting Gaines v. United States, 158 Ct.Cl. 497, 502, cert. denied, 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962). For example, Tuepker does not contend that the FmHA made no appraisal of his farm, or that the regulations did not authorize the FmHA's method of valuation. Instead, he challenges the value assigned his property during the appraisal, and argues that the FmHA used only two out of three of the "required" methods of valuation during the appraisal. The regulations, however, state only that the method of appraisals should be based on a three-way approach "to the extent applicable," and that the evaluation should be "careful." See 7 C.F.R. Secs. 1809.4, 1809.6(e). Throughout his complaint, Tuepker fails to cite any example showing the FmHA abused specific directives.
 
 
 20
 Finally, we note that Case, the FmHA County Supervisor, had made seven prior appraisals of Tuepker's property. Case's experience and familiarity with Tuepker's property must be given some deference. Accordingly, we deem judicial review in this instance to be inappropriate.
 
 
 21
 B. Federal Tort Claims Act.
 
 
 22
 Tuepker claims the district court erred in dismissing his suit against the Government for negligently and wrongfully applying the apposite statute and regulations. The district court examined each of Tuepker's claims and found no violation of any mandatory statutory or regulatory provision. Tuepker v. Farmers Home Administration, supra, 538 F.Supp. at 377. Further, the court held that to the extent the individual officers' decisions were discretionary, Tuepker's action against the Government under the Federal Tort Claims Act was barred under the Act's exception for discretionary actions. 28 U.S.C. Sec. 2680(a) (1976). Finally, the court held that even assuming the agency's actions did not fall within the exception for discretionary actions, Tuepker failed to allege facts that, under similar circumstances in a state common law tort action, would create a cause of action against a private individual. 538 F.Supp. at 377. We agree with the district court.
 
 
 23
 Finally, Tuepker argues the district court construed his tort claim too narrowly and ignored his allegations that the individual officers denied him due process. We fail to find an allegation in the pleadings sufficiently specific to constitute a claim against the individual officers under a constitutional tort theory. Even if Tuepker's complaint could be construed to allege a constitutional tort, we find no evidence that the manner in which the individual officers appraised his property violated his constitutional rights or amounted in any way to a constitutional tort. See Butz v. Economou, 438 U.S. 478, 507-08, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978) (complaint that fails to state compensable claim of relief under Constitution should not survive motion to dismiss). Accordingly, we affirm the district court's dismissal of Tuepker's claim under the Federal Tort Claims Act.
 
 
 24
 III. Conclusion.
 
 
 25
 Tuepker's petition for review of the FmHA's denial of his loan application focuses upon matters which the record discloses are not suitable for judicial review. Finding no abuse of statutory mandate or of any of Tuepker's rights, this court need go no further in reviewing the agency's action. In addition, we agree with the district court that Tuepker's second claim fails to state a cause of action under the Federal Tort Claims Act. Accordingly, we affirm the dismissal of all counts of the complaint.
 
 
 
 *
 JOHN BAILEY JONES, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri
 
 
 [3]
 In the alternative, the court held that even if the action were reviewable, under the applicable standard for review, the FmHA did not abuse its discretion in denying the loan. Because of our disposition of the judicial review question, we need not address this issue in this context
 
 
 [4]
 See National Treasury Employees Union v. Campbell, 589 F.2d 669 (D.C.Cir.1978) (though Civil Service Commission is given broad statutory discretion to set health insurance rates, Commission's rate fixing decision is subject to judicial review under the requirement that rates reasonably affect cost of benefits); Arizona Power Pooling Association v. Morton, 527 F.2d 721 (9th Cir.1975), cert. denied, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976) (court has jurisdiction to review Secretary of Interior's directive to devise "the most feasible plan" for acquiring pumping power in Colorado River Basin Project where separate statute requires that excess power be sold according to stated preference); Sabin v. Butz, 515 F.2d 1061 (10th Cir.1975) (Secretary of Agriculture's denial of special use permit for land in national forest is reviewable where statute empowering issuance of permits under such terms and conditions as "he may deem proper" also requires that general public not be precluded from full enjoyment of forests)