Richard D. (Jake) LATHAN, Gladys Lathan, Clarence Hopmann, Frances Hopmann, Howard Rust, Sr., Jessie Rust, Larry Young, Allen D. Miller, Carole A. Miller, Howard Rust, Jr., Wilma Rust, James Brown, and Sadeania Brown, on behalf of themselves and others similarly situated, Plaintiffs,

v.

John R. BLOCK, Secretary of Agriculture; Frank W. Naylor, Jr., Undersecretary of Agriculture for Small Community and Rural Development; Farmers Home Administration; Charles W. Shuman, Administrator, Farmers Home Administration; All State Directors; All District Directors; and All County Supervisors, individually and in their official capacities, Defendants.

Civ. No. A1–85–60.

United States District Court,
D. North Dakota,
Southwestern Division.

Jan. 8, 1986.

---

Jerold W. Barringer, Palmyra, Ill., for plaintiffs.

Dennis G. Linder, Sheila Lieber, and Merril Hirsh, Attys. U.S. Dept. of Justice, Civ. Div., Washington, D.C., Gary Annear, Asst. U.S. Atty., Fargo, N.D. (Mary Osowski & Charlene Rosen, U.S. Dept. of Agriculture, Washington, D.C., of counsel), for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, Senior District Judge.

In this action, Plaintiffs seek certification of a class composed of persons who "have had FmHA [Farmers Home Administration] in either a junior or other lien position and who have had another lienholder than FmHA foreclose or begin the process of foreclosure as a result of FmHA's intentional and conspired efforts to induce the other lienholders to initiate the foreclosure, and who are or may be eligible for farmer program loan servicing options prior to the foreclosure were FmHA to do the foreclosure itself." (Motion for Class Certification, ¶ 1). Pursuant to Fed.R.Civ.P. 12, Defendants have filed a motion to dismiss. Plaintiffs have filed a brief in opposition to that motion.

### FACTS

The federal courts have recently confronted many cases concerning FmHA policies and practices. A number of those cases concern FmHA's obligations to provide notice and a hearing prior to foreclosure and to inform borrowers of the right to seek loan deferral under 7 U.S.C. § 1981a. *Matzke v. Block*, 732 F.2d 799 (10th Cir.1984); *Curry v. Block*, 738 F.2d 1556 (11th Cir.1984); *Allison v. Block*, 723 F.2d 631 (8th Cir.1983); *Coleman v. Block*, 580 F.Supp. 194 (D.N.D.1984). The instant action, though not involving § 1981a directly, seeks to extend the rights of FmHA borrowers as those rights have been recognized in the earlier cases.

Approximately 240,000 to 265,000 persons nationwide have mortgaged real estate to FmHA to secure FmHA farm program loans. Plaintiffs allege that FmHA's lien on the borrower's property is junior to that of another lienholder in 85% to 90% of those cases. FmHA may acquire a junior lien when it makes a farm ownership loan simultaneously with another lender, when chattel security is inadequate to secure an operating loan and there is a previous real estate lien in force, or when FmHA makes loans in its capacity as "lender of last resort."

Plaintiffs allege that, when a borrower is delinquent on both a loan from FmHA and a loan from a senior lienholder, FmHA is currently following a practice of inducing or allowing a senior lienholder to foreclose on the senior lien. Plaintiffs allege that FmHA's practice is to reach an agreement with the senior lienholder that, if the senior lienholder will foreclose its lien, FmHA will bid on the property at the foreclosure sale. Plaintiffs argue that this procedure is utilized to allow FmHA to bypass an obligation to provide procedural due process prior to deprivation of property or liberty. They seek an order that FmHA be required to protect the interests of the borrower, as well as those of the government, until FmHA has the opportunity to offer the necessary pretermination administrative due process. In essence, they ask that, when a lien senior to FmHA's is to be foreclosed, FmHA be ordered to acquire a senior lien position and to then provide administrative due process before that senior lien is foreclosed.

### DISCUSSION

The complaint includes seven claims for relief. The first and fifth claims allege that FmHA, through action in concert with other lienholders, has deprived Plaintiffs of property or liberty in violation of the fifth amendment; the first claim challenges FmHA's acquisition of the property at the foreclosure sale, while the fifth claim challenges FmHA's failure to acquire the prop-

erty to begin offering due process. The second and sixth claims allege that FmHA, through action in concert with other lienholders, has deprived Plaintiffs of property or liberty in violation of certain statutes and certain regulations adopted pursuant to those statutes; the second claim challenges FmHA's acquisition of the property at the foreclosure sale, while the sixth claim challenges FmHA's failure to acquire the property to begin offering due process. The third claim alleges that FmHA, through action in concert with other lienholders, has deprived Plaintiffs of property or liberty in violation of the federal Administrative Procedure Act (APA). The fourth claim is that certain of FmHA's regulations violate the fifth amendment. The seventh claim is that Defendants' actions constitute tortious behavior of such a willful and malicious nature as to render Plaintiffs' contractual obligations to FmHA null and void.

In support of their motion to dismiss, Defendants argue: 1). that Plaintiffs fail to state a claim upon which relief may be granted because a right to the procedural due process which Plaintiffs seek is not established under the federal constitution, FmHA's regulations, or the federal APA; 2). that insofar as Plaintiffs seek recovery under a tort theory, they have not complied with provisions of the Federal Tort Claims Act; 3). that insofar as Plaintiffs seek retroactive relief, their claims are barred by sovereign immunity; and 4). that Plaintiffs have not properly named or served all of the defendants.

### Constitutional Claims

Plaintiffs' first and fifth claims for relief concern allegations of deprivation of rights secured by the due process clause of the fifth amendment. Defendants argue the actions challenged are not protected by the fifth amendment because they are not state actions.

■ It is a basic principle of constitutional law that due process protections apply only to such action as may fairly be said to be that of the government. *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777,

2785, 73 L.Ed.2d 534 (1982). A governmental body may be held responsible for a private entity's decision only when the governmental body has exercised coercive power or has provided such significant encouragement, either overt or covert, that the private entity's choice must in law be deemed to be that of the government. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the government responsible for those initiatives. *Id.* at 1004, 102 S.Ct. at 2786. Defendants assert that the actions challenged here are those of private lienholders, who are not subject to the strictures of the due process clause, rather than of FmHA.

■ The complaint alleges that Defendants have done more than approved of or acquiesced in the decisions of private lienholders; it alleges that Defendants have conspired with other lienholders and induced those other lienholders to foreclose on Plaintiffs' property. For purposes of this motion, this court must accept the allegations of the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). As this court recognized in *Coleman v. Block*, 580 F.Supp. 194 (D.N.D.1984), the Plaintiffs' interests in the mortgaged property are interests protected by the fifth amendment. If Plaintiffs are able to establish that Defendants acted in concert with private lienholders to induce those lienholders to act to foreclose, they may be able to establish an entitlement to the protections of the due process clause.

Defendants argue that, even if Plaintiffs can establish a right to some form of procedural due process, they cannot as a matter of law establish a right to the form of relief which they seek. Plaintiffs seek injunctive relief in two forms. First, they seek an order enjoining Defendants from "conspiring with and inducing" other lienholders to foreclose and by so doing to avoid providing the procedural due process mandated by the *Coleman* decision. Second, they seek an order both requiring FmHA to acquire a senior lien position

where a senior lienholder has been induced by FmHA to begin foreclosure proceedings and requiring FmHA to return property to the mortgagor until administrative due process has been provided. Defendants argue that, even if Plaintiffs are entitled to some form of due process before a privately held lien is foreclosed, they are not entitled to the "buy-out" program described in the second form of requested injunctive relief. The "buy-out" program envisioned by Plaintiffs appears to this court to be a more expansive reading of due process obligations than has been recognized to date. However, the first form of injunctive relief described in the complaint is similar to that which has been ordered in other cases. If Plaintiffs are able to establish that Defendants have acted in concert with private lienholders and that by so doing Defendants have deprived Plaintiffs of property or liberty without the constitutionally mandated due process of law, Plaintiffs may establish a right to some form of relief. This court will not address the propriety of the form of relief at this time. This court concludes that the motion to dismiss, insofar as it concerns the first and fifth claims for relief, must be denied.

### Claims Concerning FmHA's Regulations

Plaintiffs' second and sixth claims concern FmHA's alleged violations of 7 U.S.C. § 1921 *et seq.*, and the regulations implemented pursuant thereto and codified at 7 C.F.R., Chapter XVIII. Plaintiffs' fourth claim is that, to the extent those regulations permit Defendants to take various loan servicing actions without providing procedural due process, those regulations are in violation of the fifth amendment.

■ Plaintiffs assert, in their second and sixth claims for relief, that statutes and regulations governing FmHA's actions require it to grant administrative due process before acting in concert with a private lienholder to foreclose a privately held lien. Neither the complaint nor Plaintiffs' brief on the motion to dismiss specifies the statutes and regulations involved in their

claims. It appears to this court that Plaintiffs raise issues concerning the following provisions:

> The Secretary is authorized and empowered to make advances, without regard to any loan total indebtedness limitation, to preserve and protect the security for or the lien or priority of the lien securing any loan or other indebtedness owing to, insured by, or acquired by the Secretary under this chapter or under any other programs administered by the Farmers Home Administration; to bid for and purchase at any execution, foreclosure, or other sale or otherwise to acquire property upon which the United States has a lien by reason of a judgment or execution arising from, or which is pledged, mortgaged, conveyed, attached, or levied upon to secure the payment of, any such indebtness whether or not such property is subject to other liens, to accept title to any property so purchased or acquired; and to sell, manage, or otherwise dispose of such property as hereinafter provided.

7 U.S.C. § 1985(a) (1985).

> When necessary to protect the interest of the Government, actions will be taken by FmHA for the account of the borrower as provided below.

7 C.F.R. § 1872.2(b) (1985) (in part).

> When a prior lien foreclosure sale is to be held and the State Director determines that a substantial net recovery on the Government's interest can be made by acquiring and reselling the security, he will authorize a bid.... Such bid may provide for payment of the prior lien indebtedness and costs incidental to the sale which must be paid from the sale proceeds. When under state law it is necessary, prior to such foreclosure, to acquire the prior lienholder's rights to protect the Government's junior lien interest, and in other situations when it is advantageous to the Government to pay the prior lien in full before the foreclosure sale, payment of the prior lien and required costs may be made with the advice of the OGC, provided the Govern-

ment will obtain a greater recovery of the secured debt (not an inventory profit) than it could by bidding at the prior lien foreclosure sale, and the FmHA account after acquisition of the prior lien will be liquidated as provided in § 1872.17. Information clearly supporting the action as being to the Government's financial advantage must be documented and made as part of the file.

7 C.F.R. § 1872.2(c)(1) (1985) (in part).

If there is a prior lien(s) and foreclosure is determined necessary, the State Director will contact the prior lienholder, whether directly or through the County Supervisor, and give the prior lienholder an opportunity to foreclose.

(i) If the prior lienholder is unable or unwilling to foreclose, FmHA will foreclose, either subject to the prior lien or paying the prior lien in full.

(ii) If the prior lienholder agrees to foreclose, the State Director will contact the prior lienholder to determine whether a cash payment is required on the date of the sale....

7 C.F.R. § 1955.15(d)(1) (1985) (in part).

Other courts which have considered this question have determined that the statute and regulations vest FmHA with discretion to determine what action it will take when a senior lien is foreclosed, and do not dictate FmHA's decision. *See Curry v. Block*, Civ. No. 281–37, slip op. at 5 (D.Ga. May 20, 1983); *Nihart v. Block*, 6–83 Civ. No. 826 (D.Minn. Aug. 5, 1983), *aff'd*, 725 F.2d 689 (8th Cir.1983). This court concurs with these decisions. Section 1985(a) authorizes the Secretary of Agriculture (Secretary) to make advances to protect FmHA's security interest, to bid and purchase at foreclosure sales when FmHA holds a lien on the subject property, and to manage or dispose of property acquired through purchase at a foreclosure sale. It does not require that the Secretary take such actions, or even suggest circumstances under which such actions might be appropriate. The regulations are more specific: sections 1872.2(b) & (c) set out actions to be taken by FmHA when it determines that it must act to protect its security interest. Section 1872.2(c)(1) sets out procedures to be followed when an FmHA State Director determines that a substantial net recovery on the government's interest can be made by purchasing the secured property at a sale held to foreclose a prior lien. The regulations neither mandate that FmHA purchase the subject property at the foreclosure sale nor mandate that it grant procedural due process in deciding whether or how it must act to protect its security interest. Since the statute and regulations do not require that FmHA take a particular action to protect its security interest, FmHA cannot have violated the statute and regulations in the manner Plaintiffs allege. This court concludes that the second and sixth claims for relief fail to state a claim upon which relief may be granted and that Defendants are therefore entitled to dismissal of those claims pursuant to Fed.R.Civ.P. 12(b).

Plaintiffs' fourth claim for relief is that, to the extent FmHA's regulations allow Defendants to take various loan servicing actions without providing procedural due process prior to taking the action, those regulations are in violation of the fifth amendment. Plaintiffs have not addressed this claim in their brief on the motion to dismiss. This court considers this claim to raise issues similar to those of the first and fifth claims. If Plaintiffs can establish that FmHA's regulations allow it to act in concert with private lienholders to deprive Plaintiffs of a property or liberty interest without due process of law, Plaintiffs may establish a right to relief under this claim. The motion to dismiss, insofar as it concerns the fourth claim for relief, must be denied.

### Claim Under the Administrative Procedure Act

■ Plaintiffs' third claim is that FmHA's actions are in violation of the APA. 5 U.S.C. § 702. Defendants argue that, for the reasons expressed by this court in *Coleman v. Block*, 580 F.Supp. 194, 201 (D.N.D.1984), the APA does not

apply to FmHA's actions here challenged. Plaintiffs' brief on the motion to dismiss does not address application of the APA. This court concurs with Defendants' assertion.

The APA applies to cases of adjudication required by statute to be determined on the record after opportunity for a hearing. 5 U.S.C. § 554. As this court recognized in *Coleman*, the APA does not apply when the administrative agency is not required to make a determination on the record. FmHA is not required to make foreclosure, acceleration, or deferral determinations "on the record" as that phrase is interpreted under the APA. The APA therefore does not apply to any foreclosure, acceleration, or deferral actions FmHA may take in concert with other lienholders. Consequently, Plaintiffs' third claim for relief must be dismissed.

### Tort Claims

■ Plaintiffs' seventh claim is that Defendants' conduct "represent[s] tortious behavior of such a willful and malicious nature as to render the class Plaintiffs' contractual obligations, which might otherwise be due, null and void." Amended Complaint, ¶ 141. Defendants assert that they are entitled to dismissal of this claim because Plaintiffs have not complied with jurisdictional prerequisites for bringing a claim either in tort or in contract. Once again, this court must consider the issue without the benefit of Plaintiffs' response to Defendants' contentions.

Defendants' argument is twofold: that Plaintiffs' claim concerns actions which are not within the ambit of the Federal Tort Claims Act (FTCA) waiver of sovereign immunity, and that, even if sovereign immunity were waived, Plaintiffs' failure to file an administrative claim precludes their action in this court. Under the FTCA, the federal government retains its immunity from suit for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the

discretion involved be abused." 28 U.S.C. § 2680(a). *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The federal government also retains its immunity from claims arising from certain intentional and malicious acts. 28 U.S.C. § 2680(h); *U.S. v. Perry*, 706 F.2d 278, 279–80 (8th Cir.1983). The actions of which Plaintiffs complain concern Defendants' obligations to act to protect FmHA's interest in secured property. This court concludes that such actions constitute discretionary decisions excluded by 28 U.S.C. § 2680(a) from the FTCA waiver of immunity. *See Tuepker v. Farmers Home Administration*, 538 F.Supp. 375, 377 (W.D.Mo.1982), aff'd, 708 F.2d 1329 (8th Cir.1983). Moreover, Plaintiffs' failure to pursue an administrative claim precludes their action in this court. *Smith v. U.S.*, 588 F.2d 1209 (8th Cir.1978); *Kjeldahl v. U.S.*, 52 B.R. 916 (D.Minn.1985).

■ Plaintiffs attempt to state a contract claim in that they allege their contractual obligations to FmHA have been voided by Defendants' conduct. Exclusive jurisdiction over the contract claim lies in the Claims Court. 28 U.S.C. § 1346(a)(2). This court concludes that Plaintiffs' seventh claim for relief is barred under the FTCA and under 28 U.S.C. § 1346(a)(2).

### Retroactive Relief & Sovereign Immunity

Defendants allege that the named Plaintiffs seek retroactive relief and as such their claims are either moot, or barred by sovereign immunity, or both. From the allegations of the complaint, it is clear that foreclosure proceedings involving the named Plaintiffs have been completed, with the exception of named Plaintiffs Howard Rust, Sr., Jessie Rust, Howard Rust, Jr., Wilma Rust, James Brown, Sadenia Brown (Amended Complaint ¶¶ 83 & 84), Clarence Hopmann, and Frances Hopmann (*Id.* ¶ 70). Plaintiffs' requested relief includes the following:

[A] permanent mandatory injunction requiring the Defendants:

.   .   .   .   .

To return the property to those Plaintiffs in situations where FmHA has already acquired the property as a result of FmHA previously conspiring to induce the other lienholders to foreclose until the Government has granted the required administrative procedural due process;

To return the property, wherever feasible, to the Plaintiffs where FmHA has already conspired to induce other lienholders or private parties to purchase the property at the foreclosure sale until the Government has granted the required administrative procedural due process.

(*Id.* at 46).

█ The relief sought is indeed broad. Plaintiffs seek, on a nationwide basis, the return of property subject to prior foreclosures. Insofar as title to those properties is now held by parties other than FmHA, this court is without power to order the titleholders to return the properties to Plaintiffs. Those titleholders are not before this court, and Plaintiffs have suggested no basis for relief as against those parties.

█ Insofar as FmHA holds title to the properties, Defendants argue that the relief desired is barred by sovereign immunity. However, this action is against federal officials rather than against the federal government itself. (*See infra,* pages 405–06). It is in the nature of a suit brought under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Arcoren v. Farmers Home Administration,* 770 F.2d 137 (8th Cir.1985). To that extent, this court is not prepared to accept Defendants' theory of sovereign immunity.

█ In order to grant the relief sought, this court would need to set aside numerous foreclosure judgments. Plaintiffs do not suggest a basis for this form of relief. Nor do they suggest why such relief would not be barred under principles of *res judicata.* This court concludes that as to those named Plaintiffs whose property has been subject to a completed foreclosure action, the relief sought is not available and dismissal of the claims of those Plaintiffs is therefore in order.

### Defects in Service

Plaintiffs have identified as defendants 1). John R. Block, Secretary of Agriculture; 2). Frank W. Naylor, Jr., Under Secretary of Agriculture; 3). FmHA; 4). Charles W. Shuman, Administrator of FmHA; and 5). All State Directors, All District Directors, and All County Supervisors. The complaint, at ¶ 12, states that all the named defendants are sued in their official capacities. The caption of the complaint suggests that those defendants not named, but identified, are sued in both individual and official capacities.

Plaintiffs' complaint includes the following certification of service:

I, Jerold W. Barringer, pursuant to F.R. C.P. Rule 4(d)(4) & (5), have delivered a copy of the summons and of the complaint to the United States attorney for the District Court of North Dakota, Southwestern Division, and have sent a copy of the summons and of the complaint by certified mail, return receipt requested, to the Attorney General of the United States at Washington, District of Columbia, and have sent a copy of the summons and of the complaint by certified mail, return receipt requested, to the individually named defendants as officers and agents of the United States.

An amended complaint indicates that it was served only upon Merril Hirsh, an attorney with the United States Department of Justice who is appearing in this action on behalf of the defendants.

The rule to which Plaintiffs refer provides that service shall be made:

Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General

of the United States at Washington, District of Columbia.

Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

Fed.R.Civ.P. 4(d)(4) & (5). A relevant statute provides that a civil action against an officer or employee of the United States may be venued in any judicial district in which a defendant resides or the cause of action arose, and further provides:

The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

28 U.S.C. § 1391(e). Also relevant are Fed.R.Civ.P. 10(a), requiring that the caption of the complaint include the name of each of the parties, and Fed.R.Civ.P. 25(d), providing that when a public officer is sued in his or her official capacity, he or she may be described by official title rather than by name.

Plaintiffs' brief on the motion to dismiss addresses sufficiency of service only briefly:

Finally Defendants maintain that since they were named individually, based on the tort claim issue, and they weren't served properly, they should all be dismissed completely. If sovereign immunity prevents the tort claim relief, then the individual aspects of the captioned class action will already have been taken care of. As to the administrative claims aspect of the suit, naming the Defendants in their official capacity and serving the parties pursuant to the rules on class actions suffices to eliminate the sovereign immunity bar. As a result, Defendants' arguments are without merit.

The meaning of Plaintiffs' reference to serving the parties pursuant to the rules on class actions is not apparent to this court.

In any event, Plaintiffs have not addressed the question of sufficiency of service of those parties identified but not named in the caption of the complaint.

Given the provision of Fed.R.Civ.P. 25(d), this court concludes that the caption of the complaint sufficiently identifies those parties sued. The question of sufficiency of service must then be considered. Since Defendants state that they will waive defects in service of those named in their official capacities only, the remaining question is whether "All State Directors," "All District Directors," and "All County Supervisors" were properly served. Fed.R.Civ.P. 4(d)(5) is clear: service upon an officer of the United States is effected by sending a copy of the summons and of the complaint by registered or certified mail to the officer as well as to the United States. *See Hutchinson v. United States,* 677 F.2d 1322, 1328 (9th Cir.1982); *Lawrence v. Acree,* 79 F.R.D. 669 (D.D.C. 1978); Wright & Miller, Federal Practice and Procedure: Civil § 1107 (1967 & Supp. 1985). Plaintiffs have not attempted to effect service upon each of the parties identified by official title but not named. The complaint will therefore be dismissed as against those parties. *See C & L Farms, Inc. v. Federal Crop Insurance Corporation,* 771 F.2d 407 (8th Cir.1985) (district court has discretion to determine appropriate remedy for defective service).

### Suit Against FmHA

Defendants assert that FmHA cannot be sued in its own name. It is well recognized that a federal agency cannot be sued *eo nominee* without the consent of Congress. *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Dore v. Schultz,* 582 F.Supp. 154 (S.D.N.Y.1984); Wright & Miller, Federal Practice and Procedure: Jurisdiction 2d § 3655 (1985). Plaintiffs have not demonstrated that Congress has consented to suit against FmHA in its own name. Therefore, this court concludes that the complaint must be dismissed as against that agency.

**406**

### CONCLUSION

For the foregoing reasons, IT IS OR-DERED:

1). Plaintiffs' complaint, insofar as it concerns the second, third, sixth, and seventh claims for relief, is dismissed.

2). The claims of the following named Plaintiffs are dismissed: Richard D. (Jake) Lathan, Gladys Lathan, Larry Young, Allen D. Miller, Carole A. Miller, and JoAnne Rackley.

3). As against the following Defendants, the complaint is dismissed in its entirety: All State Directors, All District Directors, All County Supervisors, and Farmers Home Administration.

4). The motion to dismiss is, in all other respects, denied.