**HILAND POTATO CHIP COMPANY,**
**Appellant,**

v.

**CULBRO CORPORATION d/b/a The Snacktime Company, a/k/a The Chesty Division of Culbro Corporation and Culbro Snack Foods, Inc., Appellee.**

**No. 81–1914.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 8, 1982.

Decided March 5, 1982.

Edmund J. Sease, argued, Bruce W. McKee, and Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, for appellant, Hiland Potato Chip Co.

Siegrun D. Kane, David H. T. Kane, and Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, for appellees, Culbro Snack Foods, Inc. and Culbro Corp.

Before LAY, Chief Judge, STEPHEN-SON, Circuit Judge, and OVERTON,[*] District Judge.

LAY, Chief Judge.

Hiland Potato Chip Co. appeals from the denial of its request for a preliminary injunction and the grant of defendant Culbro Co.'s motion for a preliminary injunction. Plaintiff alleged that defendant's use of the trademark "Kitty Clover" in the Kansas City trade area constituted statutory trademark infringement, common law trademark infringement, and unfair competition. The trial court denied plaintiff's motion and granted Culbro Co. a preliminary injunction, requesting that it provide $100,000 as security. The court based its decision on a finding that plaintiff was not likely to prevail on the merits because there was evidence it had abandoned the trademark and that it was equitably estopped from asserting that it intended to resume use of the mark.[1]

Plaintiff argues on appeal that the finding that it was not likely to prevail on the merits was erroneous. Review of a grant or denial of preliminary relief is limited to determining whether the district court abused its discretion. *Minnesota Ass'n of Health Care Facilities, Inc. v. Minnesota Dept. of Pub. Welfare*, 602 F.2d 150, 152 (8th Cir. 1979).

Plaintiff urges this court to go beyond its limited function and rule on the merits of the abandonment issue. For purposes of appeal, the parties orally stipulated that the record was complete on this issue. Nevertheless this court cannot rule on the merits of the abandonment issue because the district court did not find that plaintiff abandoned the mark. The court merely found that plaintiff was not likely to pre-

---

[*] William R. Overton, United States District Judge, Eastern District of Arkansas, sitting by designation.

1. The district court relies on the standards governing issuance of preliminary injunctions established in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In that case, this court articulated the following considerations: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." To avoid "wooden application" of the probability criteria, we observed:

At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. The equitable nature of the proceeding mandates that the court's approach be flexible enough to encompass the particular circumstances of each case. Thus, an effort to apply the probability language to all cases with mathematical precision is misplaced.

In balancing the equities no single factor is determinative. The likelihood that plaintiff ultimately will prevail is meaningless in isolation. In every case, it must be examined in the context of the relative injuries to the parties and the public. If the chance of irreparable injury to the movant should relief be denied is outweighed by the likely injury to other parties litigant should the injunction be granted, the movant party faces a heavy burden of demonstrating that he is likely to prevail on the merits. Conversely, where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less.

It follows that the court ordinarily is not required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success. This endeavor may, of course, be necessary in some circumstances when the balance of equities may come to require a more careful evaluation of the merits. But where the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation. *Id.* at 113 (footnote omitted).

In this case, the trial judge found that both sides would be irreparably harmed in the absence of relief, that their hardship was evenly balanced, and that issuance of an injunction favoring either party was in the public interest. Thus, the district court properly considered the probability of success factor determinative under the circumstances.

vail on the merits because of the evidence of abandonment. The district court judge wrote, "I am of the opinion that defendant will . . . probably succeed on the merits on the basis of abandonment." Notwithstanding the stipulation, this court has no jurisdiction to review the merits of this case until the district court makes more determinative findings of fact and has entered a final judgment. Upon more careful appraisal of the evidence and of the law, the district court may be persuaded that plaintiff did not intend to abandon the trademark. There is a marked difference between the trial judge's discretionary ruling weighing the factors relating to the issuance of a temporary injunction and the findings of fact and legal conclusions comprising a final judgment.

The trial court found that plaintiff would be protected from any harm by the posting of the bond. Under the circumstances, we cannot say the trial court abused its discretion in refusing to grant plaintiff preliminary relief and in granting defendant's request for a preliminary injunction. Accelerated disposition of this case is desired.[2] The parties should be given an opportunity to present additional evidence and arguments to the district court. We remand the case and request the district court to give priority to its resolution.

---

**2.** We note that cases of this type may—if they are not factually complex or if the parties do not dispute the relevant facts—be more efficiently processed by expediting a decision on the merits rather than first ruling on the issue of preliminary relief. Only the parties are aware of the completeness of their proofs on a preliminary hearing; under such circumstances it is incumbent on the parties to alert the court of this fact so that the court may obviate piecemeal rulings and appeals.