684 F.2d 550
 John TUEPKER, Appellant,
v.
FARMERS HOME ADMINISTRATION; United States of America; Gary
Case; William T. Shay; Fred Defield; Keith Small;
Alan Brock; Dwight Calhoun; Gary Calfee,
Appellees.
 No. 81-2242.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1982.
Decided July 15, 1982.
 
 Robert O. Homes, Jr., Gulfport, Miss., for appellant.
 Robert G. Ulrich, U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for appellees.
 Before McMILLIAN, Circuit Judge, STEPHENSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 John Tuepker appeals from an order entered in the District Court[1] for the Western District of Missouri denying a preliminary injunction to compel the Farmers Home Administration (FmHA) to either grant Tuepker's loan application or pay his outstanding loan due the Federal Land Bank of St. Louis, Missouri, to avert foreclosure on Tuepker's hog farm. On appeal Tuepker argues that the district court based its denial on an erroneous legal premise. For the reasons discussed below, we affirm the district court.
 
 
 2
 The facts are not disputed. The following statement of facts is based, in large part, upon the district court's memorandum opinion, Tuepker v. Farmers Home Administration, 525 F.Supp. 237 (W.D.Mo.1981). Tuepker owns a hog farm in Johnson County, Missouri. Since his acquisition of the farm, he has received seven FmHA loans, only one of which has been repaid. In addition to his FmHA loans which total approximately $148,000, Tuepker has outstanding loan balances due the Federal Land Bank (Bank) in the amount of $50,000 and the State of Missouri in the amount of $12,000. Tuepker also has outstanding debts of over $70,000 in feed bills and $45,000 owed to his father.
 
 
 3
 On May 5, 1980, Tuepker applied for his eighth loan from FmHA in the amount of $125,000. Gary E. Case, County Supervisor for FmHA, evaluated the farm and Tuepker's projected or actual income. Case was the county supervisor who had approved Tuepker's prior seven loans. Case reappraised Tuepker's farm and determined that Tuepker did not have sufficient collateral to cover the amount of the loan or adequate repayment ability. Case denied the loan and Tuepker appealed under FmHA's appeal procedures. The appeal was denied.
 
 
 4
 On January 1, 1981, Tuepker defaulted on all of his loans and the Bank, as holder of the First Deed of Trust, commenced foreclosure proceedings. Tuepker filed the present action and moved for a preliminary injunction to enjoin FmHA to either make the requested loan or to pay Tuepker's debt to the Bank to avert foreclosure.[2] The district court, applying the four-prong test enunciated in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981) (banc) (Dataphase), denied the motion based on the following findings: (1) that it was questionable whether Tuepker had established a threat of irreparable harm because he had defaulted on all of his loans and therefore, even if the loan were given, it was likely that foreclosure would only be delayed; (2) that requiring FmHA to pay the loan would put it in an unsound business position because it already held six of Tuepker's defaulted loans; (3) that the public interest would not be served by requiring the government to make a risky loan; and (4) that Tuepker had not established a probability of success on the merits because the court did not have jurisdiction to review FmHA loan decisions under 5 U.S.C. § 701(a)(2)[3] or alternatively, if the court did have jurisdiction, Tuepker had not presented evidence showing that FmHA's refusal to grant the loan was arbitrary, capricious or an abuse of the agency's discretion as required by Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971).
 
 
 5
 On appeal Tuepker only challenges the district court's finding that it did not have jurisdiction. Tuepker asserts that this finding constitutes reversible error and requests this court to reverse and further to determine the jurisdiction issue. We decline to do so and affirm the district court without reaching the jurisdiction issue.
 
 
 6
 The standard to be applied by the district court in determining whether a preliminary injunction should issue was established in this circuit by Dataphase, 640 F.2d at 114:
 
 
 7
 (W)hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.
 
 
 8
 No single factor is determinative. "The likelihood that plaintiff ultimately will prevail is meaningless in isolation. In every case, it must be examined in the context of the relative injuries to the parties and the public." Id. at 113.
 
 
 9
 On appeal our scope of review of an order denying an injunction is very limited. We cannot reverse unless we determine that the district court abused its discretion or based its decision on an erroneous legal premise. Rittmiller v. Blex Oil, Inc., 624 F.2d 857, 859 (8th Cir. 1980); Federal Trade Commission v. National Tea Co., 603 F.2d 694, 696 (8th Cir. 1979); Minnesota Bearing Co. v. White Motor Corp., 470 F.2d 1323, 1326 (8th Cir. 1973).
 
 
 10
 In the present case the district court correctly applied all the factors enunciated in Dataphase. The findings supporting the district court's conclusion that Tuepker would probably not succeed on the merits were in the alternative-either because the district court did not have jurisdiction to review FmHA loan decisions or because Tuepker had not demonstrated that FmHA's actions were arbitrary or capricious. On appeal Tuepker does not address the district court's alternative finding nor does he challenge the findings supporting the other Dataphase factors.[4] The district court balanced the equities and found that a preliminary injunction was not justified. We cannot say that the district court abused its discretion or relied on an erroneous legal premise in denying the preliminary injunction.
 
 
 11
 The order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 Prior to the rendering of the district court's order, Tuepker filed bankruptcy to avert foreclosure and the bankruptcy court entered a stay order cancelling the Federal Land Bank's foreclosure proceedings. However, this appeal is not moot because the government has apparently petitioned the bankruptcy court to lift the stay
 
 
 [3]
 See Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), holding that the Administrative Procedure Act does not furnish an independent basis for jurisdiction
 
 
 [4]
 Tuepker also alleges that he was denied the opportunity to testify as to the value of his farm at the preliminary injunction hearing. However, it is undisputed that the district court had before it the lengthy record Tuepker developed for his administrative appeal and that the administrative record included all Tuepker's evidence as to the collateral and repayment ability issues