**Kathy O'CONNOR, Appellant,**

v.

**PERU STATE COLLEGE; Board of Trustees of the Nebraska State Colleges; Jerry L. Gallentine; Clyde J. Barrett, Harold D. Deselms; Jerry D. Joy; Irv Pitts and Wayne Davidson, Appellees.**

**No. 83–1955.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided Feb. 22, 1984.

George C. Rozmarin, Swarr, May, Smith & Andersen, Omaha, Neb., for appellees.

Jill Nagy and Kathryn B. Goudy, Lincoln, Neb., for appellant.

Before LAY, Chief Judge, BRIGHT, Circuit Judge, and HANSON, Senior District Judge.[*]

LAY, Chief Judge.

Kathy O'Connor appeals from the district court's denial of a preliminary injunction. O'Connor's request for temporary relief arose pursuant to her allegation of violations of Title VII, Title IX, the First Amendment, and the Equal Pay Act, and also an alleged breach of contract. We affirm.

O'Connor was a nontenured physical education instructor and women's basketball coach at Peru State College in Peru, Nebraska, during the 1981–82 and 1982–83 school years. O'Connor was informed on December 9, 1982, that her contract for employment would not be renewed for the 1983–84 school year. O'Connor requested, and received, a hearing with several college administrators at which time the administrators expressed their reasons for the termination.

* The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

On April 28, 1983, O'Connor filed in federal district court her complaint and motion for preliminary injunctive relief. On the same day she also filed a complaint with the Nebraska Equal Opportunity Commission and the United States Equal Employment Opportunity Commission. A hearing was held in district court on the motion for preliminary relief; in an order and memorandum dated June 17, 1983, the district court, the Honorable Robert Van Pelt presiding, denied O'Connor's request for a temporary restraining order and preliminary injunction. The district court concluded that "plaintiff's constitutional rights of free speech, due process, and equal protection have not been violated; that she has not been discriminated against because of her gender; and that her chance of succeeding on the merits in a trial of this case are not sufficient to justify any form of temporary relief at this time." This appeal followed. We agree with the district court's ultimate denial of preliminary relief.

Review of a grant or denial of preliminary relief is limited to determining whether the district court abused its discretion or based its decision on an erroneous legal premise. *Tuepker v. Farmers Home Administration,* 684 F.2d 550, 552 (8th Cir. 1982); *Hiland Potato Chip Co. v. Culbro Corp.,* 671 F.2d 1190, 1191 (8th Cir.1982). The standard to be applied by the district court in determining whether to grant preliminary relief is found in *Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109 (8th Cir.1981) (en banc). We there articulated the following considerations: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* at 114.

■ In the instant case, the district court did set forth the *Dataphase* considerations. However, we express concern with the district court's analysis. The district court's discussion appears to place too great an emphasis on the third *Dataphase* factor: probability of success on the merits.

As we noted in *Dataphase:*

The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability test. At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. The equitable nature of the proceeding mandates that the court's approach be flexible enough to encompass the particular circumstances of each case. Thus, an effort to apply the probability language to all cases with mathematical precision is misplaced.

In balancing the equities no single factor is determinative. The likelihood that plaintiff ultimately will prevail is meaningless in isolation. In every case, it must be examined in the context of the relative injuries to the parties and the public. If the chance of irreparable injury to the movant should relief be denied is outweighed by the likely injury to other parties litigant should the injunction be granted, the moving party faces a heavy burden of demonstrating that he is likely to prevail on the merits. *Conversely, where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less.*

640 F.2d at 113 (footnote omitted) (emphasis added). In the present case, the district court's discussion appears to involve a predetermination of the merits of the case on the preliminary motion. To do so would be extremely unfair and prejudicial to the moving party. This, of course, is the flaw in the traditional test of a preliminary injunction, if in determining the probability of success of the merits the court feels it must decide whether plaintiff will ultimately win. The proceedings are at an early stage and to prejudge the evidence before it is fully collated and demonstrated is basically unfair. Under these circumstances, the court should avoid deciding with any

degree of certainty who will succeed or not succeed. The appropriate procedure is thus set forth in *Dataphase* where we said:

It follows that the court ordinarily is not required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success. This endeavor may, of course, be necessary in some circumstances when the balance of equities may come to require a more careful evaluation of the merits. *But where the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.*

*Id.* (emphasis added). *See also William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86 (9th Cir.1975); *Gresham v. Chambers,* 501 F.2d 687, 691 (2d Cir.1974). We reemphasize that the merits are not to be predetermined at the preliminary stage of a hearing on a preliminary injunction.

█ Here, we think the balance of equities did not favor O'Connor and thus the district court was "not required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success." *Dataphase,* 640 F.2d at 113. Although O'Connor may be harmed by the termination of employment, it is clear that the harm is not necessarily irreparable and that it can be compensated for by money damages. Moreover, an outright grant of preliminary relief in employee discharge cases defeats the employer's prerogative of discharge. A preliminary injunction could put off the discharge of a potentially incompetent employee for many months. This is not to say that preliminary relief should never be granted in an employment discharge case. Rather, we merely note that in the present case the circumstances of discharge demonstrate that the balance of equities lies with the employer, and that O'Connor has not demonstrated sufficient factors to offset the balance. In our remand, we caution that any earlier findings of the district court relating to the termination should not be considered; plaintiff is entitled to a plenary trial and the merits of her case are to be decided de novo on the basis of the evidence to be adduced at trial.

On this basis, we affirm the district court's decision denying a preliminary injunction. Each party shall pay its own costs.