**AGEE AGRICULTURAL EQUIPMENT SALES, and Superior Manufacturing Co., Appellants,**

v.

**TRAIL KING INDUSTRIES, a DIVISION OF WESTERN AG SALES, INC., Appellee.**

**AGEE AGRICULTURAL EQUIPMENT SALES, and Superior Manufacturing Co., Appellees,**

v.

**TRAIL KING INDUSTRIES, a DIVISION OF WESTERN AG SALES, INC., Appellant.**

**Nos. 85–5327, 85–5335.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.

Decided Sept. 12, 1986.

Mitchell A. Kramer, Philadelphia, Pa., for appellants.

Lon J. Kouri, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, ROSENN,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

LAY, Chief Judge.

In this diversity action, two distributors of commercial trailers sued the manufacturer of the trailers, alleging that the manufacturer had improperly terminated the parties' agreements. The district court[1] granted a preliminary injunction in favor of the plaintiffs and ordered a stay of the injunction pending appeal to this court. Plaintiffs appeal the court's order granting the injunction, and the defendant cross-appeals the order issuing the stay. We remand to the district court.

Trail King Industries, a Division of Western Ag Sales, Inc., (Trail King) is a South Dakota corporation which manufactures commercial trailers. Agee Agricultural Equipment Sales (Agee) is a California corporation which has operated pursuant to a written agreement since 1979 as Trail King's distributor and manufacturer's representative in a number of states. Superior Manufacturing Co., (Superior) is a Florida corporation which since 1981 has also operated pursuant to written agreement as Trail King's distributor and manufacturer's representative in several other states. As distributors, Agee and Superior purchase trailers from Trail King at wholesale prices and then resell the trailers directly to end users. As manufacturer's representatives, they recruit persons to establish and operate Trail King dealerships and assist dealers in promoting the sale of Trail King products.

On July 9, 1985, Trail King advised Agee and Superior by letter that it would accept no further orders from either of them and that Trail King considered their contracts terminated. Both contracts provide that "[t]his Agreement may be terminated by mutual consent at any time, or by either party with good cause stated on 30 days written notice, or without cause on 90 days written notice." Agee and Superior filed suit on July 24, 1985, claiming that Trail King had breached the contracts by failing to provide adequate notice, that Trail King's actions violated South Dakota franchise law, that Trail King tortiously interfered with business relationships, that Trail King's actions were libelous and commercially disparaging, that Trail King's actions constituted unfair competition and a breach of its fiduciary duty to the plaintiffs, and that Trail King violated state and federal antitrust laws.

On July 29, 1985, the district court issued a temporary restraining order enjoining Trail King from terminating, cancelling, refusing to accept orders, or otherwise refusing to do business with Agee and Superior. A hearing on the plaintiffs' motion for a preliminary injunction was held on August 2 and 5, after which the district court extended the TRO to August 30 and requested briefs on the motion. Subsequently, in its order of August 29, 1985, the district court granted a preliminary injunction in favor of Agee and Superior but limited the length of the injunction to 90 days, the maximum notice required by their contracts with Trail King for termination without cause.

* The HONORABLE MAX ROSENN, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. The Honorable Fred J. Nichol, Senior United States District Judge for the District of South Dakota, presiding.

In its August 29 order, the district court defined the issue as "whether Trail King is in breach of the contracts by failing to abide by the notice provisions." In a footnote, the court acknowledged but made no specific findings regarding the plaintiffs' other claims. The court concluded that the "plaintiffs are entitled to injunctive relief because neither was given the 90–day period prior to termination provided for in the contract."

Relying on *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the district court found that if the distributorships were terminated, both Agee and Superior would go out of business. The court based its finding on the fact that Trail King products constitute 85–90% of the business of both plaintiffs. Further, prior to 1979 in Agee's territory and 1981 in Superior's, virtually no sales of Trail King products had occurred. Agee and Superior had invested considerable time, effort, and funds in the creation and expansion of what had become substantial markets for Trail King. For these reasons, the court concluded that the plaintiffs had established irreparable harm.

Again applying *Dataphase*, the district court also found that, on balance, any harm Trail King may suffer from the preliminary injunction did not outweigh the likely harm to the plaintiffs were the injunction denied. As the court noted, Gordon Thomsen, an executive of Trail King, testified at the hearing that the more sales made of Trail King products, regardless of by whom, the greater the profit to Trail King.

The court also noted that although

[t]he parties have extensively briefed the question of the probability of success on the merits, * * * [they] have focused almost exclusively on claims relating to damages. The only issue pertinent to the injunctive relief sought is whether Trail King is in breach of the contracts by failing to abide by the notice provisions.

The court explained why and how Trail King had breached the clause requiring 90 days notice for termination without cause

and, upon this basis, granted the preliminary injunction for 90 days. As for the other claims, the court noted that "if proven at trial, [these claims] will entitle [the plaintiffs] to damages only."

Agee and Superior appeal, arguing that the court erred in failing to make specific findings on all issues as required by *Dataphase* and Fed.R.Civ.P. 52(a), in disregarding their claims other than breach of contract, in determining that those claims are properly remedied only in an action at law for damages, and in limiting the injunction to 90 days.

In its order, the district court made detailed findings regarding Trail King's contractual obligations and concluded that Trail King breached its contracts when it failed to provide adequate notice of termination to the plaintiffs. However, the court did not discuss the plaintiffs' other claims other than to set them out in a footnote and to remark that if remedies were available for those claims, such remedies would be in damages only.

Despite the district court's broad discretion in considering motions for preliminary injunctions, *see Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303 (8th Cir.1985), where the record and the court's findings are inadequate to explain the basis for its ruling or to allow a meaningful review of its decision, the case must be remanded for further consideration by the court. *Professional Plan Examiners of New Jersey, Inc. v. LeFante*, 750 F.2d 282 (3d Cir.1984); *see also* Fed.R.Civ.P. 52(a). This court may not properly review the district court's order without a more complete record on the remaining issues.

Regarding the remaining issues and assuming that plaintiffs demonstrate irreparable harm and meet the tests set out in *Dataphase*, we find that plaintiffs may well be entitled to injunctive relief under at least the allegation that the defendant violated the South Dakota franchise statutes. S.D. Codified Laws Ann. § 37–5A–1 et seq. (1986); *see also* S.D. Codified Laws Ann.

§ 37–5–3 (1986). Further, the plaintiffs may qualify for injunctive relief under common law principles. *See, e.g., Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir.1970) (improper deprivation of an inveterate enterprise that, but for the defendant's challenged action, could be expected to continue constitutes irreparable injury subject to injunctive relief); *see also ABA Distributors, Inc. v. Adolph Coors Co.*, 661 F.2d 712 (8th Cir.1981) (inadequate showing of irreparable harm under *Semmes* standard).

In so finding, we note Agee and Superior's claim that the termination violates a South Dakota franchise statute, S.D. Codified Laws Ann. § 37–5–3 (1986). The plaintiffs claim that their contracts cannot be terminated "unfairly, without due regard to the equities of the dealer and without just provocation." *Id.* To find for the plaintiffs, however, the district court must determine that the agreements constitute a franchise and that plaintiffs qualify as franchisees under South Dakota law. If Agee and Superior can show that they are franchisees within the meaning of the South Dakota law, then they may well be entitled to injunctive relief, assuming that there was no "just provocation" for termination of their agreements. On the other hand, if the plaintiffs do not prevail in their claims for equitable relief, then the court must deny injunctive relief and proceed to trial on the claim for damages.

The district court's order granting relief for 90 days expired on September 10, 1985, for Agee and on October 9, 1985, for Superior. Through the grant of a stay pending appeal, plaintiffs have extended their status as representatives for Trail King for almost a year longer than Trail King had desired. If the plaintiffs have no rightful claim as franchisees under South Dakota law or any other legal basis to continue their business relationship with Trail King, then some harm has occurred to Trail King in that the plaintiffs have unduly prolonged a disharmonious business arrangement.

These are difficult problems presented to a court in granting or denying stays pending appeal. We recognize that by returning this matter to the district court without resolving the issues raised by the parties, we return the parties to the same status they occupied over a year ago. Upon issuance of our mandate, which we now stay for 30 days, the district court's stay will be dissolved. We have provided a stay in the issuance of the mandate to allow plaintiffs to renew their motion for injunctive relief before the district court under South Dakota law. With due regard to the length of time that has transpired since September 9, 1985, the date of the district court's stay pending appeal, we feel that the district court should expedite a hearing date and receive evidence on both the preliminary and permanent injunctions.[2] Although the stay will be dismissed after 30 days, we encourage the parties to adhere to the status quo until trial can be had on the permanent injunction.[3] We ask the district court to receive evidence on the renewed motion for injunction under South Dakota law and decide the case within 60 days of the issuance of the mandate. The stay is dissolved; the cause is remanded to the district court for further proceedings; this court's mandate shall issue within 30 days of this court's order.

---

**2.** Wherever possible parties should attempt to consolidate motions for preliminary and permanent injunctions to avoid piecemeal appeals and to obtain full substantive review of the issues. *Hiland Potato Chip Co. v. Culbro Corp.*, 671 F.2d 1190, 1192 n. 2 (8th Cir.1982).

**3.** Barring acquiescence of this request, the parties may seek temporary relief from the district court. We hope this will not be necessary.