**COOPERATIVE POWER ASSOCIATION, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 83–1622.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided May 7, 1984.

---

Stephen R. Melton, Acting General Counsel, Barbara J. Weller, Deputy Sol., Joseph S. Davies, Jr., Washington, D.C., for respondent Federal Energy Regulatory Commission.

Spiegel & McDiarmid, James N. Horwood, Ben Finkelstein, Washington, D.C., for Cooperative Power Ass'n.

Before LAY, Chief Judge, BRIGHT, Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

This case comes to us on appeal of the Federal Energy Regulatory Commission's (Commission's) orders regarding a rate change. The Commission allowed the rates to become effective but granted a hearing into their reasonableness. We uphold the orders of the Commission and refuse to order the current rates suspended or the presently collected charges refunded.

*Facts*

Minnesota Power & Light Company (MP & L) provides power to Cooperative Power Association (CPA) on a contractual basis. On September 2, 1982, MP & L filed with the Commission two proposed contracts involving changes in the rates charged to CPA. CPA filed a protest to MP & L's proposed contracts alleging that the contracts violated existing agreements between CPA and MP & L and that the proposed rates did not accurately reflect the costs to MP & L of providing power to CPA.

A September 29 deadline existed for filing petitions to intervene in the rate action. CPA's protest did not qualify as a petition to intervene; therefore, CPA filed an out-of-time petition to intervene in the rate increase proceedings. In its petition, CPA requested rejection of MP & L's filing or, alternatively, a five-month suspension of

---

* The Honorable William C. Hanson, Senior District Judge, United States District Court for the Northern and Southern Districts of Iowa, sitting by designation.

the increase and a hearing into its reasonableness. MP & L responded to CPA's petition and requested that the proposed rate filing be accepted and that the rates go into effect on November 1, 1982, the proposed effective date.

On October 29, 1982, the Commission granted CPA's intervention, but accepted MP & L's rate filing without suspension or an evidentiary hearing. The Commission found that CPA had specified no language in the agreements between it and MP & L that barred the unilateral filing of new rates. The Commission also found that no errors had been made in the computation of MP & L's operating expenses and that the proposed rates were not excessive.

On November 26, 1982, CPA filed a timely request for rehearing of the Commission's order. The request set forth in further detail the allegations made in CPA's petition for intervention. CPA again requested rejection of the proposed filing or suspension and a hearing. On March 16, 1983, the Commission entered an Order Granting Rehearing in Part, Vacating Termination of Docket, and Initiating an Investigation. The Commission agreed to consider the issues raised by CPA at a hearing held under § 206 of the Federal Power Act (Act),[1] 16 U.S.C. § 824e (1982). The Commission denied CPA's request for suspension stating:

> Since we lack the authority to suspend a rate after it has become effective, 18 CFR 2.4(a), we cannot change our decision not to suspend and make the rate subject to refund. In any event, we find no compelling reason to change that decision since MP & L should not be forced to remain uncertain of the status of its rates because CPA failed to fully explain its concerns in a timely manner.

The hearing ordered by the Commission is now proceeding.

On March 22, CPA filed an Application for Rehearing arguing that the Commission had the power and the duty to suspend MP & L's rate change and to order hearings under § 205 of the Act.[2] Alternatively, CPA urged that even if the hearing scheduled by the Commission is a § 206 hearing, MP & L should bear the burden of proving the reasonableness of the rate increase. The Commission issued an Order Dismissing Request for Rehearing and Giving Notice of Intent to Act on Motion for Clarification, which reasserted that the Commission had no power to suspend a rate that had become effective. However, on June 21, 1983, the Commission issued an order stating that CPA and the Commission's staff would have the burden of going

---

1. Section 206 of the Act states in part:

   (a) Whenever the Commission, after a hearing had upon its own motion or upon complaint, shall find that any rate, charge, or classification, demanded, observed, charged, or collected by any public utility for any transmission or sale subject to the jurisdiction of the Commission, or that any rule, regulation, practice, or contract affect[ing] such rate, charge, or classification is unjust, unreasonable, unduly discriminatory or preferential, the Commission shall determine the just and reasonable rate, charge, classification, rule, regulation, practice, or contract to be thereafter observed and in force, and shall fix the same by order.

2. Section 205(e) of the Act states in part:

   Whenever any such new schedule is filed the Commission shall have authority ... to enter upon a hearing concerning the lawfulness of such rate, charge, classification, or service; and, pending such hearing and the decision thereon, the Commission ... may suspend the operation of such schedule and defer the use of such rate, charge, classification, or service, but not for a longer period than five months beyond the time when it would otherwise go into effect .... If the proceeding has not been concluded and an order made at the expiration of such five months, the proposed change of rate, charge, classification, or service shall go into effect at the end of such period, but in case of a proposed increased rate or charge, the Commission may by order ... require such public utility or public utilities to refund, with interest, to the persons in whose behalf such amounts were paid, such portion of such increased rates or charges as by its decision shall be found not justified. At any hearing involving a rate or charge sought to be increased, the burden of proof to show that the increased rate or charge is just and reasonable shall be upon the public utility, and the Commission shall give to the hearing and decision of such questions preference over other questions pending before it and decide the same as speedily as possible.

forward and establishing a prima facie case that MP & L's rates are unreasonable, but that MP & L would have the ultimate burden of persuasion that its new rates were reasonable.

CPA appeals from the orders issued by the Commission granting the § 206 hearing and refusing to suspend the rate increase.

*Discussion*

A. Power to Suspend

Under § 205 of the Act, the Commission may suspend the effective date of a proposed rate for five months pending rehearing. The Commission contends, however, that it lacks the power to suspend a rate which has already become effective. The Commission bases this contention on a regulation promulgated by its predecessor agency in 1947. That regulation simply states: "The Commission cannot suspend a rate schedule after its effective date." 18 CFR § 2.4(a).

CPA argues that § 313(a) of the Act gives the Commission the general power to modify its orders at any time. Section 313(a) states in pertinent part:

The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing.

CPA contends that the Commission's power to "abrogate or modify its order" includes the power to suspend an already effective rate. CPA also argues that § 313(a) has been construed to give the Commission the power to modify existing suspension orders in ways that are far more intrusive than the suspension rate at issue in this case. Thus, CPA argues, the Commission has remedial powers, implicit in the Act, sufficient to authorize suspension of effective rates.

■ The court recognizes that an agency's interpretation of its own regulation is entitled to deference absent constitutional constraints or compelling circumstances. *Petrolite Corp. v. Federal Energy Regulatory Commission,* 667 F.2d 664, 666 (8th Cir.1981). We find no compelling circumstances justifying an interpretation of § 2.4(a) contrary to that to which the Commission adhered for the last forty years.[3] Nor do we find that the Commission must suspend otherwise effective rates under a vague theory of "remedial" powers. The Commission does not contend that it has such a suspension power and we do not find such power a necessary incident of the Commission's authority.

■ CPA urges this court to use its equitable powers to order the suspension of the new rates. CPA contends that such a suspension is necessary to prevent CPA's customers from being prejudiced by MP & L's rate increase.

We decline to exercise our equitable powers in this case. Exercise of our equitable power in ordering the Commission to suspend the new rates merely because the rates might be found unreasonable at a future hearing would effectively amend § 206 of the Act by requiring suspension where Congress intended none. Clearly by its enactment of § 206, which contains no suspension or refund provision, as well as § 205, which does contain a suspension and refund provision, Congress anticipated cases in which rates would be found unreasonable, and subject to future adjustment, but would not be subject to refund or suspension. If we ordered suspension of rates in every case where the rates might be subject to future adjustments, we would be substantially eliminating § 206 from the Act. This we decline to do.[4]

---

**3.** Although the Commission has never been asked to interpret § 2.4(a) in the context of a rehearing, the Commission's position consistently has been that, once rates become effective, they cannot be suspended. We conclude that the Commission's interpretation of § 2.4(a) as applying to rates subject to a rehearing is consistent with the Commission's historical interpretation and application of its powers. Thus, the deference afforded an agency's interpretation of its own regulations is applicable in the instant case.

**4.** Because we approve the Commission's interpretation of the Act as not allowing suspension

## B. The § 206 Hearing

 CPA contends that the Commission abused its discretion by ordering a hearing under § 206 rather than § 205 of the Act. CPA argues that it has a statutory right to the safeguards provided by a § 205 hearing, that is, refund and suspension authority and expedited procedure.

One court has squarely held that the Commission's decision to proceed under § 206 rather than § 205 is discretionary. *Cities of Carlisle and Neola v. Federal Energy Regulatory Commission*, 704 F.2d 1259 (D.C.Cir.1983) (rehearing granted). In *City of Carlisle*, the D.C. Circuit Court stated that three factors dictated that the court not review the Commission's decision. First, a decision to proceed under § 206 rather than § 205 is not a final determination of the justness of the proposed rates. Second, the Commission's decision does not work an irreparable injury on the proponents of the new rates. The proponents suffer by not obtaining various procedural safeguards; however, no language in the statute guarantees a right to these safeguards. Also, the statute contains no guidelines as to how a court should review the Commission's determination to proceed under § 206. "The absence of standards by which to evaluate agency action militates strongly against judicial review." *Id.* at 1262. Third, judicial review of the decision impermissibly interferes with the Commission's ability to effectively define its jurisdiction in ratemaking procedures and to determine how best to allocate its finite resources, such as investigative resources, which the Commission might feel are best used in another case. Thus, the court in *City of Carlisle* concluded that the decision to proceed under § 206 was best left to the sound discretion of the Commission.

We also conclude that the decision to proceed under § 206 is discretionary with the Commission. We emphasize that neither § 206 nor § 205 contain any language imposing a duty on the Commission to pro-

ceed under one section or the other. Thus, CPA's argument that it is statutorily entitled to a § 205 hearing must fail. We also note that, because of the lack of language defining the Commission's authority, the court has no guidelines for determining the propriety of the Commission's choice. In such a case, the intent of Congress was clearly to make the agency's decision not reviewable. *See, Tuepker v. Farmers Home Administration*, 708 F.2d 1329 (8th Cir.1983).

We therefore affirm the agency's orders in the instant case.

---

of effective rates, we do not reach CPA's argument that the Commission abused its discretion in stating that it would not suspend MP & L's

current rates if the Commission had the power to do so.