LPP MORTGAGE LIMITED, as Assignee of the United States Small Business Administration, aka Loan Participant Partners Limited, Plaintiff—Appellee,

v.

J. GARDNER and J. Gardner Company; James L. Gardner; J. Keith Gardner; Carroll E. Gardner; Jill A. Gardner, Defendants—Appellants.

No. 05–35760.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 3, 2007.

William L. Larkins, Jr., Larkins Vacura, LLP, Portland, OR, for Plaintiff–Appellee.

William L. Larkins, Jr., Larkins Vacura, LLP, Portland, OR, Philip A. Talmadge, Esq., Talmadge Law Group PLLC, Tukwila, WA, Dale H. Schofield, Esq., Law Offices of Dale H. Schofield, Portland, OR, for Defendants–Appellants.

Before: LEAVY, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Defendants-appellants James J. Gardner, J. Keith Gardner, Carroll E. Gardner, and the J. Gardner Company (hereinafter collectively referred to as "Gardners") appeal the summary judgment granted in favor of plaintiff-appellee, who are assignees of the United States Small Business Administration (hereinafter collectively and interchangeably referred to as "LPP" and "SBA"). LPP initiated this action based upon default of loans, personal guarantees of the loans, and foreclosure upon property securing the loans. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Cort v. St. Paul Fire & Marine Ins. Cos., Inc.,* 311 F.3d 979, 983 (9th Cir.2002). We affirm.

### A. *Affirmative Defense of "Willful Acts" by Lender*

Gardners argue that the district court erred by failing to analyze correctly their liability as guarantors in light of the guaranty's language. Gardners maintain that LPP and SBA committed "willful acts" that caused deterioration, waste, and loss of value of the collateral when they refused to consent to sales of the collateral. Gardners maintain that under the terms of the guaranty agreement, this conduct entitles Gardners to a release from liability.

■ Gardners' arguments are unpersuasive because the guaranty agreement explicitly "grants to Lender full power, in its uncontrolled discretion and without notice to the [guarantor] . . . to deal in any manner with the Liabilities and the collateral." Gardners have failed to raise a triable issue that LPP or SBA acted with a purpose to diminish the value of the collateral in order to intentionally injure them. *See Austad v. United States,* 386 F.2d 147, 150–51 (9th Cir.1967).

### B. *Loan Decisions*

Gardners argue that the district court erred in determining that SBA's loan decisions were not reviewable. Gardners maintain that SBA acted arbitrarily and capriciously in its decisions to cancel disbursement of loans and to deny reinstatement of loans, and sought review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A) (stating that a reviewing court can set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

■ SBA's loan decisions are actions committed to agency discretion by law, and therefore are unreviewable by the courts under the APA. *See* 5 U.S.C. § 701(a)(2); *Concrete Tie of San Diego, Inc. v. Liberty Const., Inc.,* 107 F.3d 1368,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1372 (9th Cir.1997); *Gifford v. Small Business Administration,* 626 F.2d 85, 86 (9th Cir.1980).

### C. *Duty of Good Faith and Fair Dealing*

Gardners argue that SBA breached its implied duty of good faith and fair dealing under Oregon contract law when it cancelled disbursement of loan funds. It is well-established that Oregon law implies a duty of good faith and fair dealing in every contract. *See Best v. United States Nat'l Bank of Or.,* 303 Or. 557, 739 P.2d 554, 557–58 (1987). However, when a contract contains a term allowing for the unilateral, unrestricted exercise of discretion by one party, that grant of discretion frames the parties' reasonable expectations as determined under the terms of their contract. *See Pacific First Bank v. New Morgan Park Corp.,* 319 Or. 342, 876 P.2d 761, 768 (1994).

The record discloses that the loan agreement conferred on SBA unilateral discretion to cancel loan disbursements upon a finding of an adverse change, which was defined to include judgment liens. It is undisputed that Gardners became subject to a judgment lien. The loan officer's written notations concerning the "lawsuit" are insufficient to raise a triable issue that SBA acted in bad faith when it cancelled further disbursements after entry of the judgment lien. *See Tolbert v. First Nat. Bank of Oregon,* 312 Or. 485, 823 P.2d 965, 971 (1991) (holding that the objectively reasonable expectations of plaintiffs were met and that there was no issue of material fact on defendant's good faith).

### D. *Timeliness*

Gardners argue that SBA acted arbitrarily and capriciously by failing to respond to their request for a loan increase for eight months and failing to respond to their request for reinstatement for five months. Gardners contend that their financial condition worsened during these time periods; therefore, they should be excused from liability. The alleged delays were not so unreasonable as to constitute arbitrary and capricious agency action.

### E. *Attorney's Fees*

The district court's post-judgment award of attorney's fees has not been appealed and is not before us. *See Culinary & Serv. Employees Union Local 555 v. Hawaii Employee Benefit Admin., Inc.,* 688 F.2d 1228, 1232 (9th Cir.1982) (finding no jurisdiction over post-judgment order awarding attorney's fees where no separate notice of appeal filed). Gardners' request for attorney's fees on appeal is denied. LPP's request for attorney's fees on appeal is granted, and the amount shall be determined by the Appellate Commissioner. *See* 9th Cir. R. 39–1.9.

**AFFIRMED.**